**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12 3673**

YISROEL KATZOFF on behalf of himself and
all other similarly situated consumers

       Plaintiff,

    -against-

GLOBAL CREDIT & COLLECTION CORPORATION

       Defendant.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  JUL 24 2012  ☆

LONG ISLAND OFFICE

**COGAN, J.**

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Yisroel Katzoff seeks redress for the illegal practices of Global Credit &
  Collection Corporation in which it unlawfully engaged in the collection of consumer
  debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*
  ("FDCPA"), and the Telephone Communications Privacy Act.

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by Section 15 U.S.C. 1692(a)(3) of the
  FDCPA.

4.  The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer
  debt.

-1-

5.  Upon information and belief, Defendant's principal place of business is located within Williamsville, New York.

6.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Yisroel Katzoff*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff answering machine on numerous occasions.

12. On seventy six occasions within the past year, Defendant made seventy six calls to an unauthorized wireless number belonging to Plaintiff.

13. Upon information and belief Defendant used an auto dialer and or pre-recorded messages when calling the Plaintiff.

-2-

14. By way of limited example only, the following is a transcript of one such pre-recorded message that Defendant left for Plaintiff on his cellular telephone voicemail system on or about February 17, 2012:

   "Hold the line please. I have a call for this number...hold the line please. I have a call for this number...hold the line please. I have a call for this number..."

15. By way of limited example only, the following is a transcript of one such pre-recorded message that Defendant left for Plaintiff on his cellular telephone voicemail system on or about February 20, 2012, February 23, 2012 and on many other occasions:

   "Hello, we have a matter we wish to discuss with you immediately...please press the one key now."

16. By way of limited example only, the following is a transcript of one such pre-recorded message that Defendant left for Plaintiff on his cellular telephone voicemail system on or about March 14, 2012, March 20, 2012 and on many other occasions:

   "This call is important. For service in English, press the one key now."

17. The said messages failed to identify the callers as debt collectors attempting to collect a debt.

18. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

19. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

   See. Yarbrough v. FMS, Inc., 2010 U.S. Dist. LEXIS 123459, 2010 WL 4826247 (S.D. Fla. Nov. 22, 2010). (Plaintiff alleged that she received a prerecorded dialer message stating: "To speak to a representative regarding this call, please press 1. If you are not

-3-

interested in speaking with a representative, we will disconnect at this time". The defendant filed a Motion to Dismiss taking the position that the messages do not violate any law because they are not communications as defined by the FDCPA. The court followed *Foti* and denied the motion to dismiss holding that the messages are "communications." subject to the FCPA), <u>Berg v. Merchants Ass'n Collection Div., Inc.</u>, 586 F. Supp. 2d 1336 - Dist. Court, (SD Florida 2008). (Adopting *Foti* and finding that **debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b). and holding that Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication.) (Emphasis added.)**

20. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

21. On or about November 25, 2011, at 10:10 a.m., Sarah Bottos, a representative of Global Credit & Collection Corporation called and left a message with a third party to have Plaintiff call back at 877 241 7841 ext. 6499.

22. On or about December 7, 2011, Eric, a representative of Global Credit called and asked the third party who answered the telephone to have Plaintiff call back Global Credit at 866 277 1877 ext. 6680.

23.     On December 19, 2011, at 9:34 a.m., Vanessa from Global Credit called from 866 277
        1877 ext. 6180 and spoke with a third party.

24.     The representative informed the third party that the call was regarding a "personal
        account that's in our office which we need to speak to him about."

25.     Said December 19, 2011 message, and other such messages which were left on many
        occasions within the past year, revealed the existence of a debt to a third party by using
        the word "collections."

26.     On or about February 17, 2012, at 9:17 a.m., Erica Chang called from Global Credit
        leaving a message with a third party to have Plaintiff call back Global Credit "regarding
        an important matter."

        While a majority of the courts have ruled that under the FDCPA, a debt collector may

        not have a right to leave a message on a voicemail system and in fact, risks violating

        either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. See e.g. Carman

        v. CBE Group, Inc., (2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011). (It is well

        settled that when a debt collector contacts or reaches a third party and chooses to

        leave **any** message at all to be conveyed to the debtor, such a communication being left

        with a third party will in fact violate 15 U.S.C. §§ 1692c(b),1692d(6), 1692e(11).),

        Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept.

        18, 2006) (The court followed Foti, 424 F. Supp. 2d at 655-56 and West v. Nationwide

        Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a

        debtor's neighbor that the defendant had a "very important" matter to address was

        "regarding a debt" because the content of the phone call was "with respect to" the

-5-

Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message

that "advised the debtor that the matter required immediate attention, and provided a

specific number to call to discuss the matter" was a communication under the FDCPA

"given that the obvious purpose of the message was to provide the debtor with enough

information to entice a return call. The court noted "Were this Court to determine that

[the debt collectors] Messages did not constitute communications "regarding [Plaintiff's]

debt", the Court would be creating an exception to swallow the rule. Under such an

exception, debt collectors would be able to abuse and harass consumers with phone calls

and other forms of correspondence so long as there is no express mention of the

consumers' debts. The court also found: **"A message left by a debt collector which**

**does not state that it pertains to a financial matter could reasonably pertain to a**

**host of issues - including family or medical matters - which may be viewed by a**

**consumer as much more pressing than a debt owed. The apparent purpose of these**

**messages is to be vague enough to provoke the recipient to return the calls in haste.**

**Leaving a message that deceptively entices a consumer to communicate with a debt**

**collector when he is caught off guard is precisely the kind of abuse the FDCPA**

**intended to prevent."**) (emphasis added),  See Krapf v. Collectors Training Institute of

Illinois, Inc, (Dist. Court, WD New York 2010.) (Holding that contact with a third party

that did not involve an inquiry into Plaintiff's location information but rather left a

message for the debtor was a violation of 15 U.S.C. 1692(b), 1692(c)(b), and 1692(d).),

West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 15 U.S.C.

1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with

the collection of any debt, from conveying any information relating to a debt to a third

party. The consumer's complaint alleging that the debt collector telephoned Plaintiff's

neighbor leaving collector's name and telephone number and asking the neighbor to

have consumer return the call, stated a claim for violation of § 1692c(b).), Romano v.

Williams & Fudge, Inc., (644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008

quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North

Carolina 1998.) (A complaint alleging that debt collector telephoned Plaintiff's neighbor

leaving collector's name and telephone number and asking the neighbor to have Plaintiff

return call stated a claim for violation of Section 1692(c)(b).), Thomas v. Consumer

Adjustment Co., Inc., (579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting

West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina

1998.) (Holding that 15 U.S.C. § 1692(c)(b) does not prohibit only those third-party

communications in which some information about the debt is actually disclosed because

that reading would render § 1692(b) superfluous.), Blair v. Sherman Acquisition, (Dist.

Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 -

Dist. Court, WD North Carolina 1998.) (All provisions of the statute must be considered

and each term must be interpreted equally, so as not to deflect from the meaning of the

statute. Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force,

and § 1692(c)(b) should be broadly interpreted to prohibit a debt collector from

conveying any information to a third party that concerns a debt (except for the purpose

of obtaining location information as permitted under § 1692(b).), Mathis v. Omnium

Worldwide, (Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998

-7-

F. Supp. 642 - Dist. Court, WD North Carolina 1998.) ("`Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'".), West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699), Krapf v. Collectors Training Institute of Illinois, Inc., (Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998.) (Contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." stated a claim under 15 U.S.C. § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant contacted a third party to relay about a "very important" matter regarding the Plaintiff. Plaintiff sufficiently stated claims under 15 U.S.C. §§ 1692(b), 1692(c)(b), and 1692(d).) And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION. Foti v. NCO Financial Systems, Inc., (424 F. Supp. 2d 643 - Dist. Court, SD New York 2006.) - Judge Karas in *Foti* based their reasoning on West v. Nationwide Credit. In Judge Karas' own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The Plaintiff in West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor.

Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate 15 U.S.C. § 1692(c)(b) because no information was actually conveyed about Plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995).) In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.* "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.* This conclusion has been embraced by other courts as well in the context of applying § 1692(c)(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate 15 U.S.C. § 1692(c)(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected.

-9-

Indeed, a narrow reading of the term "communication" to exclude instances such as the
present case where no specific information about a debt is explicitly conveyed could
create a significant loophole in the FDCPA, allowing debtors to circumvent the 15
U.S.C. § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that
have a threshold "communication" requirement, merely by not conveying specific
information about the debt. In fact, under Defendant's interpretation of
"communication," a debt collector could call regularly after the thirty-day validation
notice is sent, and not be subject to the 15 U.S.C. § 1692(e)(11) requirement so long as
the message did not convey specific information about the debt. Such a reading is
inconsistent with 658*658 Congress's intent to protect consumers from "serious and
widespread" debt collection abuses.), Krug v. Focus Receivables Mgmt., LLC, (2010
U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010)) (same); Henderson v. Eaton, 2001 U.S.
Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc.,
998 F. Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), (A debt
collector may not communicate with a third party "in connection with the collection of
any debt" except to obtain location information as provided in § 1692(b). To violate 15
U.S.C. § 1692(b), the third party communication need only be "in connection with the
collection of a debt;" it need not expressly mention the debt or debt collection as
"communication" includes conveying information about a debt "indirectly." 15 U.S.C. §
1692a(2).), Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002).
(FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist.
LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642

(W.D.N.C.1998.) (Finding that a phone call to a debtor's neighbor that the Defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's alleged arrearage.), Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824 (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under 15 U.S.C. § 1692(c)(b) since it was not left for the purpose of obtaining location information which is the only permissible communication with third parties under the FDCPA, quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call.) Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26, 2010.) (The consumer adequately alleged that Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek additional information about a consumer because such information is beyond the scope of location information.), Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010.) (A "communication" need not refer to the debt."); Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008.) (Finding that the telephone message at

-11-

issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"), <u>Ramirez v. Apex Financial Management, LLC,</u> 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008.) (Finding that the message was an indirect communication regarding the Plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so.), <u>Hosseinzadeh v. M.R.S. Associates, Inc.,</u> 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005.) (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention specific information about the debt.), <u>Belin v. Litton Loan Servicing, LP,</u> 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006.) (Finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call.), <u>Shaver v. Trauner,</u> 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998.) (The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss.) 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss), <u>Smith v. NCO Fin. Sys.,</u> 2009 U.S.

Dist. LEXIS 51576 (E.D. Pa. June 12, 2009.) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 15 U.S.C. 1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment". Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

27.    Said messages were in violation of 15 U.S.C. 1692 §§ 1692c(b) and 1692d for leaving message with unauthorized third parties.

28.    On or about November, 18 2011, Miss McClain called from Global Credit and left a message on the home phone number of Plaintiff's parents, to call her at 877 241 7841.

29.    Said message, and other such messages which were left on many occasions within the past year, revealed the existence of a debt to unauthorized third parties.

30.    Said telephone messages are in violation of 15 U.S.C. § 1692c by improperly disclosing to an unauthorized third party that the Plaintiff was receiving a communication from a debt collector.

31.    Defendant caused Plaintiff to incur charges for Defendant's collection communications when Plaintiff had no reason to know the communication's purpose.

-13-

32. Defendant was prohibited from placing a call that will cause a charge to Plaintiff without having notified Plaintiff to expect it and without having announced its collection purpose.

33. Defendant called Plaintiff's wireless phone number and Plaintiff was charged a toll on all those incoming calls.

34. Plaintiff was not alerted to the calls beforehand.

35. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5).

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

36. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty five (35) as if set forth fully in this cause of action.

37. This cause of action is brought on behalf of Plaintiff and the members of four classes.

38. Class A consists of all persons: (a) whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (b) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

39. Class B consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse

-14-

within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (b) the Defendant revealed the existence of a debt to unauthorized third parties; and (c) the Plaintiff asserts that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

40.   Class C consists of all persons whom Defendant's records reflect resided in New York who received a telephonic message from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages which revealed the existence of a debt were overheard by unauthorized third parties and that the telephone messages were in violation of 15 U.S.C. § 1692c(b).

41.   Class D consists of all persons whom Defendant's records reflect resided in New York and were left telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a service where the consumer was charged for the calls, and (c) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

42.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a)   Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b)   There are questions of law and fact common to the class and these questions

-15-

predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

43.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class
        pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45.     Collection attempts, such as those made by the Defendant are to be evaluated by the
        objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

46.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt
        Collection Practices Act.

47.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff
        and the members of the class are entitled to damages in accordance with the Fair Debt
        Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and
against the Defendant and award damages as follows:

    (a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);
            And

    (b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)     Any other relief that this Court deems appropriate and just under the
            circumstances.

### **AS AND FOR A SECOND CAUSE OF ACTION**

### *Violations of the Telephone Consumer Protection Act brought by Plaintiff*

48.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-8 as if
        set forth fully in this Cause of Action.

49. The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating seventy six (76) telephone calls to the Plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the Plaintiff to leave such messages.

50. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against Plaintiff by Defendant, also without having included the proper name of the Defendant or any name for that matter.

51. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the use of the wireless telephone number at issue where the Plaintiff was charged for each call.

52. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of $500.00 per call.

53. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

54. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any Plaintiff on his/her cell phone using

-18-

a pre-recorded voice, regardless of whether it knew it was violating the law.

*(Sengenberger v. Credit Control Services, Inc.,* 2010 U.S. Dist. LEXIS 43874)

55. The Defendant has repeatedly violated the TCPA by failing to leave the legal name of the Defendant in the messages left for the Plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

56. With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

57. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. *(Sengenberger v. Credit Control Services, Inc.,* 2010 U.S. Dist. LEXIS 43874)

-19-

58.    Defendant has repeatedly violated the TCPA by the calls made to Plaintiff specifically

the numerous calls by illegally by not stating its legal name in its prerecorded messages

in violation of the Telephone Consumer Protection Act.

### *Violations of the Telephone Communications Privacy Act*

59.    The Defendant has repeatedly violated the TCPA by failing to leave the legal name of

the Defendant in the messages left for the Plaintiff as states as follows in 47 C.F.R.

64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or

other entity that is responsible for initiating the call. If a business is responsible for

initiating the call, the name under which the entity is registered to conduct business with

State Corporation Commission (or comparable regulatory authority) must be stated. The

FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum,

the legal name under which the business, individual or entity calling is registered to

operate. The Commission recognizes that some businesses use "d/b/as" or aliases for

marketing purposes. The rule does not prohibit the use of such additional information,

provided the legal name of the business is also stated."

60.    The FCC did not intend to exempt automated collection calls from the requirements of

47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector

failed to leave the legal name of the company.  (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

61.    Defendant has repeatedly violated the TCPA by the calls made to Plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act.

62.    The actions of the Defendant violate the TCPA.

63.    Because the Defendant intentionally violated the TCPA, the Plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the Defendant failed to obtain prior consent from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 18, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

-21-

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

Plaintiff

-22-