**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

September 20, 2012

**VIA ECF**
The Honorable Brian M. Cogan
Untied States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **RE:  Katzoff v. Global
             United States District Court, Eastern District of New York
             Docket Number – 1:12-cv-3673-BMC**

Dear Judge Cogan:

     As per Your Honor's Scheduling Order, the parties submit the current correspondence which provides a description of both Plaintiff's allegations and Defendant's defenses regarding the above-referenced matter in advance of the Initial Status Conference for this matter which is scheduled for September 20, 2012 at 3:30 p.m.

     **BY PLAINTIFF:**

     It is Plaintiff Yisroel Katzoff's contention that Global Credit violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") in its attempts to collect the alleged debt obligations from both Plaintiffs in this matter.  In regard to Plaintiff claims that Global Credit violated the FDCPA (on both an individual and class basis) by leaving various types of pre-recorded messages for the plaintiff.  There are various examples of FDCPA violations as set forth carefully in the complaint.

1) no mini miranda prerecorded messages on many occasions 02 20 2012  02 23 2012 "hello we have a matter we wish to discuss with you immediately please press the one key now" and on many occasions they and on 03 14 2012 /  03 20 2012 left this pre recorded message "this call is important for service in English press the one key now"  on 02 17 12 they left this message "hold the line please I have a call for this number hold the line please I have a call for this number hold the line please I have a call for

this number"

See. Yarbrough v. FMS, Inc., 2010 U.S. Dist. LEXIS 123459, 2010 WL 4826247 (S.D. Fla. Nov. 22, 2010) (Plaintiff alleged that she received a prerecorded dialer message stating: "To speak to a representative regarding this call, please press 1. If you are not interested in speaking with a representative, we will disconnect at this time". The defendant filed a Motion to Dismiss taking the position that the messages do not violate any law because they are not communications as defined by the FDCPA. The court followed *Foti* and denied the motion to dismiss holding that the messages are "communications. " subject to the FCPA) Berg v. Merchants Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336 - Dist. Court, SD Florida 2008 (Adopting *Foti* and finding that **debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b). and holding that Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication**.) (emphasis added)

2) leaving messages with third parties see below

3) leaving messages with third parties using the name global credit and collections revealing the existence of a debt by using the word collections on many occasions see below 02 17 2012

4) causing a charge to be made

The defendant has claimed that 1692f(5) does not apply but we disagree.  It is my recollection that I inferred from this Court's comments on another matter that 1692f(5) would apply.[1]

5) on 11 18 11 left message on plaintiff's parents' home phone number revealed the existence of the debt on many occasions. Message from Ms. McClain From Global 877 241 7841 , to call her.

In response to defendant's bona error defense, firstly, asserting the bona error defense does not automatically make the case go away.

---

[1] See ACA International Blueprint at a Glance for 2011 acknowledging that the FDCPA prohibits collectors from imposing additional telephone charges on consumers without disclosing the purpose of the call. And that some cell phone plans that cause a consumer to incur a charge for each call received by the consumer.

Caselaw is clear that defendant has the burden to show that there are procedures in place and that there are efforts that are made so that those procedures are followed.  However, what is most striking here is that we assert that there are pre-recorded messages.  Therefore, we are at a lost to understand how the bona fide error defense could apply.  We believe that the leaving of pre-recorded messages is the classic putative class action.  Furthermore, caselaw is quite broad as to what constitutes a communication.  We believe that defendant's claim of individual inquiry is without merit.[2]

Second, in regards to Plaintiffs' claims that Global violated the TCPA, we claim that a portion of the calls were placed to a cell phone and a portion were placed to a service through phone.com.  The total is 76 calls.

---

[2] Edwards v. Niagara Credit Solutions, Inc., 584 F. 3d 1350 - Court of Appeals, 11th Circuit 2009,(explaining that the FDCPA does not guarantee debt collectors the right to leave answering machine messages) Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006  (found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b) Debt collectors . . . should use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters) Leahey v. Franklin Collection Serv., Inc., 756 F. Supp. 2d 1322, 1327 (N.D. Ala. 2010) (Defendant's motion to dismiss denied. "This court agrees that a third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector as required by §1692c(b).") Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008) (Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication ... the FDCPA specifically requires that prior consent for third party communication be given directly to the debt collector by the consumer A third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector... we follow reasoning similar to Foti to find no reason that a debt collector has an entitlement to use this particular method of communication. Debt collectors have other methods to reach debtors including postal mail, in person contact, and speaking directly by telephone. ) FTC v. Check Enforcement., No. Civ. A. 03-2115, 2005 WL 1677480, at *8 (D.N.J. July 18, 2005) (leaving messages on the debtor's home answering machines, heard by third parties, was a violation of § 1692c(b)) defendants left messages on home answering machines, which were overheard by family members and other third parties, Thus, defendants have in fact engaged in prohibited communications with third parties in violation of Section 805 of the FDCPA.) Cordes v. FREDERICK J. HANNA & ASSOCIATES, PC., Dist. Court, Minnesota 2011,  ( - Plaintiff alleged that Defendant violated the "FDCPA" by leaving multiple messages on her home voicemail that were overheard by others The Court granted her motion. Reaffirming the zortman decision - Where Congress wanted to include an intent element as part of an FDCPA violation, it has done so explicitly and the FDCPA is a strict-liability statute, "which conflicts with requiring deliberate or purposeful intent ("The FDCPA, including § 1692c(b), is a strict liability statute and therefore does not require a showing of intentional conduct on the part of a debt collector to give rise to liability."). In addition  the term "communicate" does not focus on the intended recipient, but rather turns on whether the speaker "shares with or conveys information to another" one may communicate with an unintended audience (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium. Finally the FDCPA's "bona fide error defense" was inconsistent with a requirement that a debt collector purposefully or intentionally communicate with a third party in order to be held liable Gryzbowski v. IC System, Inc., 691 F. Supp. 2d 618 - Dist. Court, MD Pennsylvania 2010 (Debtors have other methods to reach debtors including postal mail, in-person contact, and speaking directly by telephone.)Carman v. CBE GROUP, INC., Dist. Court, D. Kansas 2011 (under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so) Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322 - Dist. Court, SD Florida 2009 (FDCPA did not guarantee debt collector right to leave answering machine messages) Mark v. JC CHRISTENSEN & ASSOCIATES, INC., Dist. Court, Minnesota 2009 (The Court has no authority to carve an exception out of the statute just so [the defendant] may use the technology they have deemed most efficient.. . . [The defendant] has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA ,but because the method they have selected to collect debts has put them there)

Phone.com wireless numbers are assigned to a paging service where the called party is charged for the call although under the TCPA a debt collector can call a residential land line It was reiterated again in the declaratory ruling Request of the ACA (note # 7 paragraph 9 and paragraph 14) that A debt collector is prohibited to call ANY ONE of the following five types of wireless numbers or services which are prohibited by the TCPA  1)telephone number assigned to a paging service 2) wireless telephone service 3)specialized mobile radio service 4)other radio common carrier service 5) service for which the called party is charged for the call.  Phone.com wireless numbers meet the criteria of not one but THREE out of the five prohibited wireless phone numbers and services prohibited by the TCPA.[3]

---

[3] See. Stuart v. AR RESOURCES, INC., Dist. Court, ED Pennsylvania 2011 (Holding that the exemption for a debt collector to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a Debt Collector  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ) Bates v. IC System, Inc., Dist. Court, WD New York 2009 (Holding that debt collection calls to a residential line are exempt from the TCPA. See 47 U.S.C. § 227b(1)(B). However, with regard to debt collection calls, to any telephone number assigned to service which the party is charged for the call that those calls are governed by 47 U.S.C. § 227(b)(1)(A)(iii) Making such Debt collection calls unlawful) Anderson v. AFNI, Inc., 2011 U.S. Dist. LEXIS 51368 (E.D. Pa. May 11, 2011) (Holding that debt collection calls to a residential line are exempt from the TCPA. See 47 U.S.C. § 227b(1)(B). However, with regard to deb collection calls, to any telephone number assigned to service which the party is charged for the call that those calls are governed by 47 U.S.C. § 227b(1)(A)(iii) Making such Debt collection calls unlawful) Pugliese v. Prof'l Recovery Serv., 2010 U.S. Dist. LEXIS 64111 ( E.D. Mich. June 29, 2010) (Holding that the exemption for a debt collector to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a Debt Collector  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ) Zehala v. American Express., 2011 U.S. Dist. LEXIS 109697 (S.D. Ohio Sept. 26, 2011) (Holding that the exemption for a creditor to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a creditor  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ) Bentley v. Bank of America., N.A., 773 F. Supp. 2d 1367 (S.D. Fla. 2011) (Holding that the exemption for a creditor to call residential telephone falls under section 227(b)(1)(B) But does not exempt a debt collector from liability under 227(b)(1)(A)(iii). which the court noted was unlawful for a creditor  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call )

[3] See. Robinson v. MIDLAND FUNDING, LLC., Dist. Court, SD California 2011 (Holding that a debt collector cannot use a prerecorded voice or a automatic telephone dialing system to call any telephone number assigned to a . cellular phone or any service for which the called party is charged for the call.) Sengenberger v. CREDIT CONTROL SERVICES, INC., Dist. Court, ND Illinois 2010 (Holding that under the TCPA 47 U.S.C. § 227(b)(1)(A)(iii). It is unlawful for a Debt Collector: (A) to make any call (other than a call made for emergency purposes or with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. Daniel v. WEST ASSET MANAGEMENT, INC., Dist. Court, ED Michigan 2011 (Holding that a claim clearly indicating a debt collection call was made to service that is a "paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call" may be actionable under 47 U.S.C. § 227(b)(1)(A)(iii)) Jenkins v. ALLIED INTERSTATE, INC., Dist. Court, WD North Carolina 2009 (Holding that the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), makes it unlawful for a debt collector (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . .(iii) to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.) Moore v. FIRSTSOURCE ADVANTAGE, LLC., Dist. Court, WD New York 2011 (Holding that the TCPA 47 U.S.C. §§ 227(b)(1)(A)(iii) makes it unlawful for a Debt collector (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — ...(iii) to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call.) Ortega v. Collectors Training Inst. of Ill., Inc., 2011 U.S. Dist. LEXIS 6282 (S.D. Fla. Jan. 21, 2011) (Holding that it is unlawful for a debt collector to make any call (other than a call made for emergency purposes or made with the

  Telecommunication has changed in the past ten years and now almost all of these services are free until you get an incoming call as most wireless companies work off the RPP Termination rates. Termination rates are the charges which one telecommunications operator charges to another for terminating calls on its network. Traditionally three models of charging these fees are known: calling party pays (CPP), bill and keep (BAK, peering), receiving party pays (RPP) almost all the company's that issue numbers which are assigned to wireless virtual paging services work through receiving party rates.

  The numbers assigned are those which have prefixes assigned to

---

prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call) Edeh v. Midland Credit Mgmt., 2010 U.S. Dist. LEXIS 103918 (D. Minn. June 4, 2010) (Holding that it is unlawful for a debt collector (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . .(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .47 U.S.C. § 227(b)(1)(A)(iii))  Versteeg v. BENNETT, DELONEY & NOYES, PC., 775 F. Supp. 2d 1316 - Dist. Court, D. Wyoming 2011 Holding that The TCPA places special prohibitions on debt collection calls to cellular telephones and similar communication devices. In particular, the statute prohibits "any person" from: [M]aking any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. §227(b)(1)(A)(iii)) Jachimiec v. Regent Asset Mgmt. Solutions., 2011 U.S. Dist. LEXIS 56956 (S.D. Cal. May 26, 2011) (Holding that Debt collectors who make auto-dialed or prerecorded calls to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call are in violation of the TCPA) Rivas v. Receivables Performance Mgmt., LLC, 2009 U.S. Dist. LEXIS 129378 (S.D. Fla. Sept. 1, 2009) (Holding that it is unlawful for a debt collector  . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.) Nicholas v. Nationwide Credit, Inc., 2010 U.S. Dist. LEXIS 10442 (S.D. Fla. Feb. 8, 2010) (Holding that it is unlawful for a debt collector to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). Hurrey-Mayer v. Wells Fargo Home Mortg., Inc., 2009 U.S. Dist. LEXIS 103039 (S.D. Cal. Nov. 4, 2009) (Holding that unless calls are "made with the prior express consent of the called party it is unlawful for a creditor or servicer .. to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any  automatic telephone dialing system or an artificial or prerecorded voice- - … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]47 U.S.C. § 227(b)(1)(A)(iii)) Reyes v. Saxon Mortg. Servs., 2009 U.S. Dist. LEXIS 125235 (S.D. Cal. Nov. 5, 2009) (Holding that unless calls are "made with the prior express consent of the called party it is unlawful for a creditor (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice- - … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.] 47 U.S.C. § 227(b)(1)(A)(iii))
See. Kane v. Nat'l Action Fin. Servs., 2011 U.S. Dist. LEXIS 141480 ( E.D. Mich. Nov. 7, 2011) (Holding that a debt collector is prohibited to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any  service for which the called party is charged for the call 47 U.S.C. § 227(b)(3)**  (emphasis added by the court). a cursory review of the provision reveals that the phrase "or any service for which the called party is charged for the call" stands as a separate category unto itself, for which claims against a debt collector could arise under the TCPA) Gutierrez v. Barclays Group., 2011 U.S. Dist. LEXIS 12546 (S.D. Cal. Feb. 9, 2011) (Holding that a creditor is prohibited to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call 47 U.S.C. § 227(b)(3) The court noted that the last phrase of this section "or any service for which the called party is charged for the call" does not modify all the previous phrases as such a "interpretation violates the doctrines of last antecedent and interpreting disjunctives" rather "any service for which the called party is charged for the call" stands as a separate category unto itself, for which claims against a creditor could arise under the TCPA)

cellular phone services.  Since the TCPA was enacted many collection agencies have installed "scrubbing devices" in order to prevent calls to these numbers, but "scrubbing devices" merely limit liability but are not a defense to liability.

As such, it is Plaintiff's position and the case law is clear that Global violated the TCPA and FDCPA

**BY DEFENDANT:**

**FDCPA Individual Claims**

**Claims Under Sections 1692e(10) and 1692e(11)**

Plaintiff alleges that Global has left him various messages that did not properly identify Global as a debt collector.  It is Global's practice to provide *Foti*-compliant messages.  Therefore, any message that was left was pursuant to a bona fide error.  See 15 U.S.C. 1692k (c). *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1232 (E.D. Cal. 2010)(granting summary judgment on bona fide error defense where "The uncontested evidence establishes that Asset had policies and procedures in place that were reasonably adapted to avoid false representations made to consumers"); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 389 (D. Del. 1991) (granting summary judgment under bona fide error defense where employees periodically attended training seminars in FDCPA compliance and employer provided FDCPA compliance manuals, collection policy memorandum and cards dictating the verbiage employees were required to use when contacting debtors by telephone)

**Claims Under Section 1692c(b) and 1692d**

Plaintiff alleges Global left messages for third parties that disclosed his debt.  Any such message was also pursuant to a bona fide error and therefore Plaintiff's FDCPA claim in this regard fails as a matter of law.

**Claim Under  Section 1692f(5)**

Plaintiff also claims that Global's calls violated Section 1692f(5) of the FDCPA by causing his cell phone to be charged.  Section 1692f(5) "prohibits the use of collect telephone calls and charging of telegram fees, not the use of cellular telephones".  *See Ostrander v. Accelerated Receivables*, 2009 U.S. Dist. LEXIS 27321 (W.D.N.Y. Mar. 31, 2009).  Therefore, this claim fails as a matter of law.

**FDCPA Class Action**

**Class A**
This class is based on the allegation that Global's messages violate *Foti*. However, as shown above, this claim would fail on the merits, as it would be contrary to Global's policies. Moreover, Section 1692e(11) only applies to "communications" under the FDCPA. *See, e.g., ARS Nat'l Servs.*, 2010 U.S. Dist. LEXIS 47205 (S.D. Cal. Mar. 29, 2010)Therefore, there would have to be an individualized inquiry as to whether or not the oral message at issue constituted a "communication" for each and every putative class member. Courts have consistently rejected requests to certify such types of claims. *See Montgomery, Jr. v. The New Piper Aircraft, Inc.*, 209 F.R.D. 221, 229 (S.D.Fla.2002) (denying motion for class certification and noting that an action based substantially on oral rather than written communications is inappropriate for treatment as a class action) (citing J*ohnston v. HBO Film Mgm't., Inc.*, 265 F.3d 178 (3d Cir.2001)); *see also Broussard v. Meineke Discount Muffler Shops*, 155 F.3d 331, 341 (4th Cir.1998) (reversing district court's decision to certify class and noting that claims based substantially on oral rather than written communications are inappropriate for treatment as class actions unless the communications are shown to be standardized).

**Classes B-C**
Classes B-C are based on third party disclosure in alleged violation of the FDCPA and would likely be deemed impractical in that they require the identification of class members whose information was disclosed to a third party and review of oral communications. *See Montgomery, Johnson, supra.*

**Class D**
Plaintiff's Class D asserts a class based on 1692f(5) and therefore this class fails for the same reason his individual Section 1692f(5) claim fails. *See Ostrander, supra.*

**Individual TCPA Claim**

**Alleged Violation of 47 U.S.C. 227(b)(1)(A)(iii)**

Plaintiff alleges that Global initiated 76 telephone calls to his cell phone number via artificial or prerecorded voice messages without his consent. To date, Plaintiff has not presented any evidence that these artificial or prerecorded voice messages came from Global.

**Alleged Violation of 47 CFR 64.1200(b)(1)**
Plaintiff alleges that Global violated the TCPA by failing to identify itself in its messages in violation of 47 CFR 64.1200(b)(1).  There is no private right of action for such a violation. *Charvat v. NMP, LLC,* 656 F.3d 440 (6th Cir. Ohio 2011); *Jenkins v. Allied Interstate, Inc.*, 2009 U.S. Dist. LEXIS 94183, 10-11 (W.D.N.C. Sept. 25, 2009).

**Contemplated Motions**
Global contemplates a Motion for Summary Judgment on plaintiff's FDCPA claims and his Section 47 CFR 64.1200(b)(1) claims based on the defenses set forth above.

4849-4563-4577, v.  1