

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Tel: (516) 681-1100
Fax: (516) 681-1101

November 19, 2012

**VIA ECF**
The Honorable Brian M. Cogan
Untied States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> RE:   *Katzoff v. Global Credit & Collection Corporation*
>          *Docket Number: 1:12-CV-3673-BMC*

Dear Judge Cogan:

This office represents Defendant Global Credit & Collection Corporation ("Defendant") in the above-referenced matter. Defendant respectfully submits this letter to advise the Court of the status of this matter, including Plaintiff's continual failure to comply with the letter and spirit of the Court's previous Orders in this case. Plaintiff's failures necessarily affect Defendant's own ability to comply with the Court's prior Orders regarding discovery as is discussed below.

**BACKGROUND**

Plaintiff contends that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") in its attempts to collect the alleged debt obligations from Plaintiff. Plaintiff claims that Defendant violated the FDCPA (on both an individual and class basis) by leaving various types of pre-recorded messages for Plaintiff.

**ALLEGED CALLS TO PLAINTIFF**

Plaintiff has produced five recordings of messages allegedly left by Defendant in this case. These recordings do not identify the number called by Defendant. Moreover, these recordings are not pre-recorded messages designed to be left on a voicemail. Rather, the recordings are recordings of pre-recorded voice prompts that would be heard by a live consumer upon picking up and answering a Defendant call. The recordings provided by Plaintiff reflect three different "prompts."

**PLAINTIFF'S LACK OF PRODUCTION**

The Court's September 21, 2012 Minute Entry and Order required Plaintiff to "furnish initial discovery" to Defendant by September 28, 2012. That information was to include the pre-recorded messages as well as the call history from the Plaintiff for his phone numbers. As of the date of this

Hon. Brian M. Cogan
November 19, 2012
Page 2

letter, Plaintiff has yet to produce the full original recordings of the messages at issue, or the relevant call history to show the date, time and phone number at which the voice prompts were allegedly left.

Instead, Plaintiff states that he does not believe that he can obtain his call history because it was a prepaid phone. As well, Plaintiff's counsel has indicated that he has produced the recordings as they were provided to him from his client. However, Plaintiff's counsel has apparently failed to press his client for the entire original recordings. As discussed with the Court, this information is critical as it would demonstrate whether Plaintiff picked up the call and started recording the prompts, or if they were truly left as messages on a voicemail. Indicia of a complete recording to evidence a voicemail would include the personal greeting message by Plaintiff advising that he is unavailable, as well as a time-stamp at the conclusion of the recording setting forth the date and time the message was left. This information is *not* contained in the recordings provided by Plaintiff.

During the November 5, 2012 conference, Your Honor cautioned Plaintiff's counsel to confirm with his client that the allegations contained in the Complaint are accurate, i.e. that the recordings were indeed left on a voice message and not recorded by his client after answering the phone, since such representations are contained in the Complaint filed with the Court. Yet, when asked this question during a November 15, 2012 telephone conference, Plaintiff's counsel advised that he still has not confirmed such information, i.e. whether the recordings at issue were left on an answering machine, or if they were recorded by someone who actually answered the phone. Rather, he is now posturing to state that it does not matter whether the recordings were left for a live person or on a voicemail since either case would be a violation of the FDCPA. Plaintiff's representation is wrong since it is crucial because automated voice prompts provided by Defendant to a live consumer are not messages that would require disclosures under the FDCPA, as discussed below.

**EFFECT OF PLAINTIFF'S LACK OF PRODUCTION**

Plaintiff's delay in producing the relevant phone bills for the messages prevents Defendant from identifying the universe of the alleged calls at issue. If Defendant was provided the phone bills at issue, this would aid its efforts to determine the circumstances surrounding "prompts" that might have been sent to those numbers, and why those numbers received certain prompts.

Indeed, the issue of whether the recordings at issue were left on an answering machine, or if they were recorded by someone who actually answered the phone is critical in this case. If a live person answered the phone and received Defendant's voice "prompts", if the consumer proceeded to respond to the voice prompts such that they were connected with a live Defendant representative, that representative would give the required disclosures in compliance with the FDCPA.

Based on Plaintiff's failure to provide the requested information, and given the sensitive nature of the information that is now required to be produced to Plaintiff's counsel to support his class allegations, it is respectfully submitted that discovery be completed on Plaintiff's individual claim prior to turning over a blanket list of debtors that Defendant called during the class period. This limitation is all the more necessary given that Plaintiff is a perennial plaintiff in FDCPA actions in this Circuit and may have set his phone up to try and create a violation, such as tricking a dialer that a live person was answering the phone when it was actually an answering machine. Furthermore, Plaintiff's counsel almost exclusively files FDCPA claims on behalf of plaintiffs.

Hon. Brian M. Cogan
November 19, 2012
Page 3

Therefore, turning this information over to him is tantamount to handing him a list of potential clients to solicit without restraint. Since there are serious concerns over the manner in which the recordings were left given that Defendant has procedures in place to protect against leaving the prompts at issue for anyone other than a one who actually answers the phone, Defendant respectfully requests that it be allowed to finish discovery on Plaintiff's claims to ascertain whether there is any merit to the claim prior to engaging in class discovery.

Alternatively, Defendant requests that a Protective Order be issued so that the sensitive information being provided to Plaintiff's counsel is used for the limited purpose of ascertaining whether a potential class action exists, and not to otherwise allow him carte blanche to solicit each and every individual listed. With respect to the Protective Order, Defendant stresses that Plaintiff's pre-certification contacts with putative class members be limited. Courts in this District have suggested that a plaintiff seeking pre-certification discovery of putative class member contact information in the Rule 23 context may have a purpose beyond establishing his or her own claim. *Jenkins v. TJX Cos.*, 2011 U.S. Dist. LEXIS 44372 (E.D.N.Y. Apr. 25, 2011. For example, "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.*, 2006 U.S. Dist. LEXIS 33011, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (citations omitted).

As Plaintiff's failure to provide required information to Defendant prevents Defendant from identifying the specific "prompts" that are at issue in this case, Plaintiff at the very least should be precluded from contacting putative class members regarding the "prompts" they may have received until he does so. *See, e.g, Charles v. Nationwide Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 143487, 22-23 (E.D.N.Y. May 27, 2010)("Although the names and contact information of putative class members may be relevant to certification issues under Rule 23 in certain circumstances... the Court finds such discovery in this case to be premature")

We thank you for your consideration.

                                            Respectfully submitted,

                                            ___/s/ Yale Pollack_____
                                            Yale Pollack

cc:     Adam Fishbein, Esq.

4846-4514-1265, v. 1